IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3084-D

| | | |
|---|---|---|
| LASHON G. ROYSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| POST PAROLE OFFICER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 7, 2025, in the United States District Court for the Middle District of North Carolina, Lashon G. Royster ("Royster" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On April 15, 2025, that court transferred the action to this district. See Order [D.E. 3]. Royster moves for a copy of the complaint [D.E. 10]. As explained below, the court denies Royster's motion for a copy of the complaint, conducts a frivolity review of the complaint, and allows the action to proceed in part.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S.

at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

The allegations of Royster's complaint arose at Craven Correctional Institution ("Craven"). See [D.E. 2] 13. Royster names as defendants Sergeant Tate ("Tate"), Correctional Officer Lowery ("Lowery"), Correctional Officer Johnson ("Johnson"), two unknown correctional officers, one unknown parole officer, and the North Carolina Department of Adult Correction. See id. at 2–4, 13–14. Royster alleges that on December 16, 2022, the unknown parole officer arrived at Craven to transport him back to his county of conviction. See id. at 14. Royster alleges that after a dispute concerning his prison trust fund account money, the unknown parole officer called Royster "a lippy mother fucking nigger." Id. at 15. Royster then refused to get into the transport vehicle with the unknown parole officer. See id.

Royster alleges defendants Tate, Lowery, Johnson, and the two unknown correctional officers surrounded him in the parking lot after he refused to get into the transport vehicle. See id. Royster alleges Tate asked him whether he was going to get into the transport vehicle, and he responded no because he did not feel safe around the unknown parole officer. See id. Royster

2

alleges that Johnson then pepper sprayed him and flipped him over his back, which caused him to land on his head. See id. at 16. Royster alleges that Lowery then jumped on his back, and Johnson twisted his wrist until it broke. See id.

Royster alleges that Johnson and Lowery escorted him back inside to the shower area after the parking lot incident. See id. While in the shower area, Royster alleges that Johnson called him a "dumbass inmate" and a "stupid nigger" and then punched Royster in the face, breaking his nose. See id. Royster alleges that he was taken to the hospital and diagnosed with a broken wrist, broken nose, bruised ribs, and head trauma. See id. Royster alleges that Tate, the unknown parole officer, and the two unknown correctional officers could have intervened at any time but failed to do so. See id. Royster alleges that the unknown parole officer allowed him to be assaulted in retaliation for being reinstated after receiving a second probation violation. See id. at 17. Royster also raises state law claims for assault and battery and negligence. See id. at 13. Royster seeks monetary damages and injunctive and declaratory relief. See id. at 17–18.

Royster's Eighth Amendment claims for excessive-force against Johnson and Lowery and Eighth Amendment failure-to-intervene claim against Tate are not clearly frivolous. Thus, Royster's allegations against them may proceed. The court also allows Royster's related state law claims for assault and battery and negligence against these defendants to proceed. See Rowland v. Perry, 41 F.3d 167, 174 (4th Cir. 1994).

To the extent Royster names an unknown parole officer and two unknown correctional officers as defendants, John Doe suits are not favored in federal court. See, e.g., Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 2000 WL 903896, at *1 (4th Cir. July 7, 2000) (per curiam) (unpublished table decision); Schiff v. Kennedy, 691 F.2d 196, 197–98 (4th Cir. 1982) (observing that suits against unnamed defendants are permissible only against "real, but

unidentified, defendants"). Only when a plaintiff is likely to be able to identify the defendant after further discovery should the court allow a John Doe case to proceed. See Schiff, 691 F.2d at 198. The court will permit discovery concerning the unknown parole officer and two unknown correctional officers.

The North Carolina Department of Adult Correction cannot be sued under section 1983 because it is not a "person" subject to suit under section 1983. See, e.g., Ragland v. Doe, 811 F. App'x 177, 177 (4th Cir. 2020) (per curiam) (unpublished); Preval v. Reno, 203 F.3d 821, 2000 WL 20591, *1 (4th Cir. 2000) (per curiam) (unpublished table decision); Vandyke v. Francis, No. 1:12-CV-113, 2012 WL 2090649, at *3 (W.D.N.C. June 11, 2012) (unpublished); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Thus, the court dismisses the North Carolina Department of Adult Correction as a defendant.

As for Royster's claim that the unknown parole officer retaliated against him for being reinstated after receiving a second probation violation, to state a First Amendment retaliation claim, Royster must plausibly allege (1) protected activity under the First Amendment, (2) the defendant took action to adversely affect Royster's First Amendment rights, and (3) a causal relationship between the protected activity and the defendant's conduct. Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017); see Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540, 544 (4th Cir. 2017); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005). Royster's allegations are "conclusory assertions about the defendant['s] motivations with no facts stated to connect [the unknown parole officer's] actions with his constitutionally protected conduct." Thompson v. Clarke, No. 7:17-CV-10, 2018 WL 1547360, at *5 (W.D. Va. Mar. 29, 2018) (unpublished); see Adams, 40 F.3d at 74. Thus, the court dismisses the claim.

As for Royster's motion for a copy of the complaint, a pro se litigant is responsible for

4

properly maintaining legal records. See Banks v. Asbell, No. 5:18-CT-3111, 2019 WL 1493697, at *1 (E.D.N.C. Apr. 4, 2019) (unpublished); Clegg-Arrs v. Wiggins, No. 5:15-CT-3060, 2015 WL 4760705, at *3 (E.D.N.C. Aug. 12, 2015) (unpublished). If Royster requires copies of court filings, the clerk of court will provide such copies for a fee of fifty cents per page. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule). Royster may submit his request for copies of court filings directly to the clerk of court and pay the required fee. Accordingly, the court denies the motion.

II.

In sum, the court DENIES plaintiff's motion for a copy of the complaint [D.E. 10]. The court ALLOWS plaintiff's Eighth Amendment claims and related state law claims against defendants Johnson, Lowery, Tate, the unknown parole officer, and the two unknown correctional officers to proceed. The court DISMISSES all other claims and defendants, including the North Carolina Department of Adult Correction. The clerk shall CONTINUE management of the action pursuant to Standing Order 14-SO-2. If service against any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service. See 28 U.S.C. § 1915(d).

SO ORDERED. This 14 day of November, 2025.

JAMES C. DEVER III
United States District Judge