IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3084-D

| | | |
|---|---|---|
| LASHON G. ROYSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL LAMIRAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 7, 2025, in the United States District Court for the Middle District of North Carolina, Lashon G. Royster ("Royster" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1, 2]. On April 15, 2025, that court transferred the action to this district. See [D.E. 3]. On November 14, 2025, the court reviewed the complaint and allowed Royster's Eighth Amendment claims and related state law claims against Michael LaMirand ("LaMirand"), Codie Johnson ("Johnson"), Sergeant Tate ("Tate"), Officer Lowery ("Lowery"), and two unknown correctional officers (collectively, "defendants") to proceed [D.E. 17]. On the same date, the clerk sent a request for waiver of service to all defendants [D.E. 18]. On January 13, 2026, LaMirand waived service [D.E. 25]. On February 17, 2026, Johnson was served by certified mail [D.E. 38]. On March 10, 2026, LaMirand and Johnson answered the complaint [D.E. 40].

On January 13, 2026, the Attorney General notified the court that the North Carolina Department of Adult Corrections did not employ officers with last names Tate or Lowery and there was not enough information to identify the two unknown correctional officers [D.E. 24]. On the same date, the court directed Royster to show good cause why the court should not dismiss without

prejudice defendants Tate, Lowery, and the two unknown correctional officers under Federal Rule of Civil Procedure 4(m) [D.E. 28]. On February 3, 2026, Royster responded to the court's order and stated he had no excuses as to why service was not made as to these defendants [D.E. 33]. Royster moves for appointment of counsel [D.E. 19], to preserve evidence [D.E. 20], and to stay the case until he is released from prison [D.E. 23]. Defendants move to stay discovery until the court issues a scheduling order [D.E. 32].

As for Royster's motion for appointment of counsel, there is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (citation omitted); see Riddick v. Barber, 109 F.4th 639, 651 (4th Cir. 2024). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." Jenkins, 109 F.4th at 247 (citation and quotations omitted). If the court answers both questions "affirmatively, the case presents exceptional circumstances." Id.

This case does not present exceptional circumstances. Royster's Eighth Amendment claims and related state law claims are not objectively complex, and Royster has demonstrated through his filings that he has the capacity to present the claims. Accordingly, the court denies the motion.

As for Royster's motion to stay the case, Royster states he is going to be released from prison in April 2026 and asks to "be given postponement to seek counsel on the outside." [D.E.

2

23] 1. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). Royster has not provided a compelling reason to stay the action. Thus, the court denies the motion.

As for Royster's motion to preserve evidence, Royster states he needs a police report, hospital records, and video footage to support his claims. See [D.E. 20] 1. To the extent Royster seeks to conduct discovery by listing a set of specific documents and other evidence for production, the court denies the motion without prejudice as premature. Nevertheless, the court directs defendants to preserve all evidence relevant to Royster's claims.

As for Tate, Lowery, and the two unknown correctional officers, proper service of process or waiver of service is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m). "Rule 4(m) requires the district court to 'extend the time for service to an appropriate period' if there is 'good cause' for not serving the defendant 'within [90] days after the complaint is filed.'" Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (quoting Fed. R. Civ. P. 4(m)). Moreover, 28 U.S.C. § 1915(d) "specifically vests the responsibility for service with the court and

3

its officers." <u>Jones v. Hashagen</u>, 419 F. App'x 141, 145 (3d Cir. 2011) (per curiam) (unpublished); <u>see</u> <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 (10th Cir. 2003).

The court has discharged its duties under 28 U.S.C. § 1915(d). The court sent requests for waiver of service to Tate, Lowery, and the two unknown correctional officers. The court could not procure a waiver of service because the North Carolina Department of Adult Corrections did not employ officers with last names Tate or Lowery and there was not enough information to identify the two unknown correctional officers. <u>See</u> [D.E. 24] 1–2. Furthermore, Royster failed to show good cause as to why service was not made as to these defendants. <u>See</u> [D.E. 33] 1. Accordingly, the court dismisses Tate, Lowery, and the two unknown correctional officers from this case without prejudice.

In sum, the court DENIES plaintiff's motion for appointment of counsel [D.E. 19], DENIES plaintiff's motion to stay [D.E. 23], GRANTS IN PART plaintiff's motion to preserve evidence [D.E. 20], and DIRECTS defendants to preserve all evidence relevant to Royster's claims. The court DISMISSES WITHOUT PREJUDICE defendants Tate, Lowery, and the two unknown correctional officers pursuant to Federal Rule of Civil Procedure 4(m). The court GRANTS defendants' motion to stay discovery until the court issues a scheduling order [D.E. 32] and REFERS the action to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order to include a period for discovery.

SO ORDERED. This 22 day of April, 2026.

JAMES C. DEVER III
United States District Judge

4